J-A16014-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DIANA BAERGA, | |
| Appellant | No. 2714 EDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008005-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 24, 2018**

Appellant, Diana Baerga, appeals from the judgment of sentence of 11½ to 23 months' house arrest, followed by 5 years' probation, imposed after she was convicted, following a non-jury trial, of possession with intent to deliver a controlled substance (PWID), conspiracy to commit PWID, and possession of a controlled substance.  Appellant contends that she is entitled to a new trial due to prosecutorial misconduct.  After careful review, we affirm.

Briefly, Appellant's convictions stemmed from an undercover officer's observing her and two male cohorts' selling narcotics on a public street in Philadelphia.[1]  Appellant was arrested and proceeded to a non-jury trial on May 24, 2016.  At the conclusion thereof, the court convicted her of the above-

---

[1] For a more detailed factual summary, **see** Trial Court Opinion (TCO), 10/11/17, at 1-3.

stated offenses. On July 21, 2016, the court sentenced Appellant to the terms of house arrest and probation stated *supra*. She filed a timely notice of appeal, and she also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued a Rule 1925(a) opinion on October 11, 2017.

Herein, Appellant presents one issue for our review:

A. Did the trial court err when it denied [] Appellant's motion for a mistrial as a result of prosecutorial misconduct when the Assistant District Attorney informed the court that [] Appellant smelled like marijuana and was under the influence of marijuana?

Appellant's Brief at 2 (unnecessary capitalization omitted).

Appellant contends that the prosecutor in this case committed misconduct when, just prior to the start of her non-jury trial, the prosecutor alleged to the court that Appellant was under the influence of marijuana. Appellant's assertion of prosecutorial misconduct was placed on the record by defense counsel just after the court had rendered its verdict:

[Defense Counsel]: Your Honor, may I also place on the record … that prior to this, it was at sidebar that the Commonwealth made an allegation that [Appellant] was under the influence of marijuana today, and that was brought to Your Honor's attention, and it was said that it was not going to affect your decision. I'm not saying that it did. I just want it on the record now that [Appellant's] been found guilty, and that we proceed to continue anyway.

N.T. Trial, 5/24/16, at 129. In response, the following exchange between the trial court and defense counsel occurred:

THE COURT: Let me make it clear. In my jury trial waiver, colloquy of [Appellant], I asked [Appellant] … was she under the

- 2 -

influence of any drugs or alcohol. She indicated to me "no." She did let me know that she took Xanax. The [c]ourt found, when we colloquyed [*sic*] her, that her testimony was credible. The [c]ourt did not find that she was under the influence of any drugs. The [c]ourt took no -- did not take any of the allegations by the Commonwealth into consideration. The [c]ourt has made it's [*sic*] decision.

[Defense Counsel]: And the allegation was that she smelled of marijuana today. I just want to make sure it's on the record.

THE COURT: Again, the [c]ourt does not smell any marijuana in the courtroom, and the [c]ourt … believed the statement that [Appellant] was not under the influence of any drugs or alcohol, and [Appellant] … chose to remain silent, as is her constitutional right. … I don't get the connection between marijuana, the smell of marijuana, or anything.

[Defense Counsel]: I just want on the record that the Commonwealth went to the fact[-]finder before the trial started and said that they believe [Appellant] was under the influence of marijuana. They smelled it. That's all I want on the record.

THE COURT: That's fine. And the [c]ourt did not find that to be substantial.

[Defense Counsel]: Okay.

THE COURT: So the [c]ourt would not consider it.

*Id.* at 130-131.

Appellant now contends that the trial court should have granted her a mistrial based on this ostensible prosecutorial misconduct by the Commonwealth's attorney. Initially, the trial court concluded, and we agree, that Appellant has waived any claimed error pertaining to a mistrial, as she at no point requested such relief when raising the prosecutorial-misconduct issue at trial. *See id.*; *see also* TCO at 6 (concluding that Appellant failed to preserve the issue regarding a mistrial, as she "did not directly ask for a

mistrial, but merely stated that [she] wanted the conversations made on sidebar to be a part of the record").

Notwithstanding Appellant's waiver of this claim, we would discern no prosecutorial misconduct that would warrant a new trial. "Prosecutorial misconduct occurs where the 'unavoidable effect' of the prosecutor's actions is to 'prejudice the jury, forming in their minds fixed bias and hostility towards the accused so as to hinder an objective weighing of the evidence and impede the rendering of a true verdict.'" ***Commonwealth v. Chmiel***, 777 A.2d 459, 464 (Pa. Super. 2001). Here, the fact-finder in Appellant's case - the trial court - repeatedly stated that it did not believe the Commonwealth's allegation that Appellant was under the influence of marijuana, or place any weight on the Commonwealth's assertion in reaching its verdict. ***See*** N.T. Trial at 130-31. Because it is clear that the court's ability to render a true verdict was not impacted by the Commonwealth's remark about Appellant's marijuana use, she has failed to demonstrate that prosecutorial misconduct occurred. Consequently, even had Appellant preserved her claim that the trial court should have granted her a new trial, we would deem this issue meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18

- 4 -